NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-58

DENNIS PALAZA

vs.

DIRECTOR OF THE DEPARTMENT OF UNEMPLOYMENT ASSISTANCE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This appeal stems from Dennis Palaza's efforts to obtain pandemic unemployment assistance (PUA) under the Coronavirus Aid, Relief and Economic Security Act of 2020 (the CARES Act).  See 15 U.S.C. §§ 9021-9034.[1]  The department of unemployment assistance (department) denied Palaza's application for benefits.  The department's board of review (board) affirmed, and Palaza appealed to the District Court, which granted judgment to the board.  We affirm.

_____

[1] The PUA provided financial benefits to people who were not eligible for regular unemployment compensation, including those who were "unemployed, partially unemployed, or unable or unavailable to work" in 2020 for certain COVID-19 related reasons.  15 U.S.C. § 9021(a)(3)(A)(ii)(I).  This included someone who "was scheduled to commence employment and does not have a job or is unable to reach the job as a direct result of the COVID-19 public health emergency."  15 U.S.C. § 9021(a)(3)(A)(ii)(I)(gg).

Background.  After Palaza's March 29, 2020 application for PUA was denied, he appealed.  At an evidentiary hearing, Palaza testified that after an interview on March 4, 2020, Hub Construction hired him to start work on March 16, 2020.  The company informed him "at that time, that they were not able to hire anybody because of the pandemic."  Palaza submitted a written affidavit providing the same information.  He also submitted an affidavit signed by Vincent P. Gratta, vice president of Hub Construction, which stated, "Mr. Palaza applied for employment at Hub Construction in Hull, MA around early March 2020.  However, after the shut down we were not taking on new employees."  He offered to answer questions and provided a telephone number.

The review examiner affirmed the denial of benefits.  She found that the Gratta letter stated only that Palaza had applied for a job, but the company was not taking on new employees.  Gratta did not say that the company had offered Palaza a position or that an offer was withdrawn due to the COVID-19 health emergency.  Neither affidavit contained any detail as to pay, hours, or job responsibilities.  She also noted that the affidavits were not notarized.

Palaza sought review from the board, which was allowed.  He provided a copy of his affidavit, which by this time had been notarized.  He also provided a notarized affidavit from a friend

stating that the friend had driven Palaza to the construction company on March 4, 2020, so he could apply for a job. The board affirmed the department's decision and Palaza appealed to the District Court pursuant to G. L. c. 151A, § 42.[2] A judge affirmed the decision of the board and entered a judgment on the pleadings. This appeal followed.

Discussion. Palaza argues on appeal that the department exceeded its authority and violated Federal law when it engaged in fact-finding, rather than rely on his self-certification of eligibility for PUA. He cites in support United States Department of Labor, Employment and Training Administration, Unemployment Insurance Program Letter No. 16-20, Change 6 (September 3, 2021) (letter). That letter provides, in relevant part, that, "[b]ecause eligibility is based on self-certification, no further fact-finding is involved."

Our review of the department's determination that a claimant is disqualified from receiving benefits is "highly deferential to the agency" (citation omitted), Lincoln Pharmacy of Milford, Inc. v. Commissioner of the Div. of Unemployment Assistance, 74 Mass. App. Ct. 428, 431 (2009), and limited to deciding "whether the decision contains sufficient findings to

---

[2] At the hearing before the judge, counsel for the board candidly explained how the PUA program worked. Counsel also explained, and we agree, that lack of notarization of affidavits should not be held against Palaza.

demonstrate that the correct legal principles were applied, and whether those findings were supported by substantial evidence." Norfolk County Retirement Sys. v. Director of the Dep't of Labor & Workforce Dev., 66 Mass. App. Ct. 759, 764 (2006).

Here, the department determined that Palaza was not eligible for PUA because he did not offer any credible testimony or documentation that he had received an offer of employment in 2020. It is not reasonable to read the Department of Labor letter as prohibiting the department from investigating the veracity of an applicant's self-certification, both because the statute requires "documentation to substantiate employment," 15 U.S.C. § 9021(a)(3)(A)(iii), and because the letter itself says that "states are required to take reasonable and customary precautions to deter and detect fraud" and "[i]t is critical that states implement processes that ensure payments are being made only to eligible individuals and that states have aggressive strategies and tools in place to prevent, detect, and recover fraudulent payments." Cf. Simmons v. Arizona Dep't of Economic Sec., 254 Ariz. 109, 113 (2022) ("The ALJ made no finding that [the PUA applicant's] testimony was not credible").

On this record, we see no error in the department's conclusion that Palaza was not offered employment in 2020, and that he was thus not qualified to receive PUA. As the State agency responsible for administering PUA, the department is

4

required to find whether an individual is eligible for unemployment entitlements.  See 20 C.F.R. § 625.9(a)(1).  The statutory framework required Palaza to provide "documentation to substantiate employment or self-employment or the planned commencement of employment" in a qualifying time frame.  15 U.S.C. § 9021(a)(3)(A)(iii).  The Gratta letter did not state that Palaza had been offered a job or had an offer rescinded. The department was not required to credit evidence by Palaza that, if believed, might support a different conclusion.  See Boston v. Downing, 73 Mass. App. Ct. 78, 83 (2008) (court will not displace agency's choice between two conflicting views of evidence).  See also Fisch v. Board of Registration in Med., 437 Mass. 128, 138 (2002) (it is agency's role, not court's, to weigh credibility of witnesses).

Judgment affirmed.

By the Court (Neyman, Henry & Ditkoff, JJ.[3]),

*Paul Little*

Clerk

Entered:  August 5, 2024.

---

[3] The panelists are listed in order of seniority.